De La Rosa v. Sessions

BIA
Poczter, IJ
A074 846 321

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand seventeen.

PRESENT:
        BARRINGTON D. PARKER,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

LUIS DE LA ROSA,
        *Petitioner,*

        v.                                          15-859
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Seanna R. Brown; Eric R. Fish; Erica
                         Barrow, Baker & Hostetler LLP, New
                         York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Mary
                         Jane Candaux, Assistant Director;
                         Edward E. Wiggers, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Luis De La Rosa, a native and citizen of the Dominican Republic, seeks review of a March 9, 2015 decision of the BIA affirming a September 10, 2012 decision of an Immigration Judge ("IJ") denying De La Rosa's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Luis De La Rosa,* No. A074 846 321 (B.I.A. Mar. 9, 2015), *aff'g* No. A074 846 321 (Immig. Ct. N.Y. City Sept. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We generally lack jurisdiction to review a final order of removal against an alien like De La Rosa, who was found removable for having been convicted of a controlled substance offense. 8 U.S.C. § 1252(a)(2)(C). We nevertheless have jurisdiction to consider constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), for which review is de novo,

2

*Frantzcia Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). De La Rosa's arguments that the agency ignored material evidence and applied an incorrect standard to assess a claim of persecution raise reviewable questions of law. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *Gui Yin Liu v. INS*, 508 F.3d 716, 721 (2d Cir. 2007).

To establish eligibility for withholding of removal, an applicant must show "that it is more likely than not that he . . . would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(2). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Persecution can be harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. To constitute persecution, the "harm or suffering [must] be

3

inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." *Matter of Acosta*, 19 I. & N. Dec. at 233. Economic harm "constitutes persecution if it (1) deprives the victim of liberty, food, housing, employment or other essentials of life, or (2) deliberately imposes a severe economic disadvantage." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (internal quotation marks omitted). In evaluating a claim of persecution, the agency is required to consider the cumulative significance of the alleged incidents as opposed to the severity of each incident in isolation. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

De La Rosa is correct that the agency erred by failing to assess cumulatively the harm he would face at the hands of private actors in the Dominican Republic and by failing to consider certain material evidence. Although the agency concluded without elaboration that discrimination does not amount to persecution, discrimination in housing and employment may constitute persecution when considered cumulatively in light of an applicant's particular circumstances, *see Huo Qiang Chen*, 773 F.3d at 405 ("[W]hether a given . . . sanction constitutes persecution turns on its 'impact' on the victim. . . . [A] sanction that impoverishes a poor victim would

4

constitute persecution, while the same sanction imposed on a wealthier individual without such effect would not." (internal citations omitted)); *see also Beskovic*, 467 F.3d at 227 (requiring analysis sufficient to enable meaningful judicial review). And while the BIA found speculative De La Rosa's claim that he would become homeless due to discrimination in employment and housing and would therefore be unable to obtain his required medications under the national treatment program, De La Rosa supported the claim with credible expert testimony and evidence on societal discrimination and its impact on his ability to obtain his medications. The agency's failure to discuss this evidence compellingly suggests that it was ignored and that the agency failed to consider De La Rosa's alleged harm in the aggregate. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir. 2003) (recognizing that the agency must "consider all factual assertions in an applicant's claim for eligibility [except] where the evidence in support of a factor potentially giving rise to eligibility is too insignificant to merit discussion." (internal quotation marks and citations omitted), *overruled in part on other grounds*

*by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007) (en banc); *Poradisova*, 420 F.3d at 77 ("We require some indication that the IJ considered material evidence supporting a petitioner's claim."). We therefore remand the proceedings for consideration of this evidence and a proper assessment of De La Rosa's claimed harm in the first instance.

In order to demonstrate eligibility for CAT relief, an applicant must show that he will more likely than not be tortured if removed to the designated country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a) (providing the burden for CAT relief). The act of torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind . . . by or at the instigation of or with the consent or acquiescence of a public official." *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1) and citing CAT art. 1). Cognizable official acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). "In assessing whether it is more likely than not that an applicant would be

6

tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3).

De La Rosa is correct that the agency failed to consider material evidence in concluding that the Dominican government would not acquiesce in any torture of him. *See Mendez*, 566 F.3d at 323. The IJ found that "the expert witness testified that there are two laws on the books in the Dominican Republic about discrimination, which have been enacted in an effort to protect the human rights of it's [sic] citizens." However, the IJ did not consider the expert's testimony that those laws are either not applicable to De La Rosa (because they protect only employees, and not potential hires) or ineffective due to lack of enforcement by the government. Nor did the IJ consider the record evidence suggesting that discrimination is often exacerbated by a lack of confidentiality. The BIA agreed with the IJ's acquiescence finding without explanation. The BIA further agreed that De La Rosa failed to establish eligibility for CAT relief because he did not demonstrate that Dominican authorities deprive similarly situated individuals health care with the specific intent of inflicting severe pain or suffering

on them.  That finding failed to take into account the proffered expert evidence regarding the scope and enforcement of the Dominican Republic's laws concerning intentional societal discrimination.  It further ignored that, as a result of such intentional discrimination, De La Rosa may suffer severe pain and suffering amounting to torture because he would be denied access to otherwise available medical care.  *See Pierre*, 502 F.3d at 114.

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8